**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ADDIE MAE KING,

                                   Plaintiff,

   v.                                                No. 14-CV-978
                                                       (DNH/CFH)

CAROLYN W. COLVIN, Commissioner of
Social Security,

                                   Defendant.

---

**APPEARANCES:**                                **OF COUNSEL:**

ADDIE MAE KING
Plaintiff pro se
2005 E. Fayette Street #102
Syracuse, New York 13224

HON. RICHARD S. HARTUNIAN          JOSHUA L. KERSHNER, ESQ.
United States Attorney for the             Special Assistant United States Attorney
   Northern District of New York
Attorney for Defendant
100 South Clinton Street
Syracuse, New York 13261-7198

**CHRISTIAN F. HUMMEL
United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On August 6, 2014, plaintiff pro se Addie Mae King ("King") initiated this action, pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security denying her application for disability benefits. Compl. (Dkt. No. 1). On November 10, 2014, defendant filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that because King failed to file her complaint within the proscribed sixty-day filing period, the Court lacks subject matter jurisdiction to entertain the action. Dkt. No. 12. King did not oppose the motion. For the reasons

stated below, it is recommended that defendant's motion be granted.

## I.  Background

King filed an application for disability benefits under Titles II and XVI of the Social Security Act for benefits, which was denied by an Administrative Law Judge ("ALJ") on February 21, 2013.  Nicoll Decl. (Dkt. No. 12-4) ¶ 3(a); see also Dkt. No. 12-5 at 2 (explaining that King was appealing the ALJ's February 21, 2014 decision denying her disability benefits).  King timely appealed this denial to the Appeals Council.  Dkt. No. 12-5.  On May 30, 2013, the Appeals Council mailed King its decision upholding the ALJ's decision.  Id.; Nicoll Decl. ¶ 3(a).  That decision was mailed to 2005 E. Fayette Street in Syracuse, New York, the same address used in the present complaint. Compare Dkt. No. 12-5 at 2 with Case Heading at p.1 infra.  In that decision, the Appeals Council outlined that King

> may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which [she] live[s] . . . [King] ha[d] 60 days to file a civil action (ask for court review) . . . [t]he 60 days start the day after [she] receive[d] this letter. [The Appeals Council] assume[d King] received this letter 5 days after the date on it unless [she] show[ed the Council] that [she] did not receive it within the 5-day period . . . If [King] cannot file for court review within 60 days, [she] may ask the Appeals Council to extend your time to file. . . . [King] must make the request in writing and give [her good] reason(s) in the request.

Dkt. No. 12-5 at 3.  Assuming that King received the Appeals Council decision five days later, on June 4, 2014, she would have sixty days, or until August 3, 2014 to file a civil action.  The present action was filed on August 6, 2014, outside of the sixty day period. As of August 23, 2014, King had not written to the Appeals Council for any type of

2

extension. Nicoll Decl. ¶ 3(b).

## II.  Discussion

### A.  Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing FED. R. CIV. P. 12(b)(1)).  Federal courts are "duty bound . . . to address the issue of subject matter jurisdiction at the outset."  Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 929 (2d Cir. 1998).  "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that [jurisdiction] exists." Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002) (citations omitted); see also Societe Nationale d'Exploitation Industrielle des Tabacs et Allumettes v. Salomon Bros. Int'l Ltd., 928 F. Supp. 398, 402 (S.D.N.Y. 1996) ("[T]he Court need not accept as true contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to affidavits and other materials outside the pleadings.") (citing cases).

### B.  Timely Filing

Absent Congressional consent to be sued, the United States is immune from suit and federal courts lack subject matter jurisdiction to entertain the suit.  Makarova, 201 F.3d at 113 (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)).  Where the

3

United States waives sovereign immunity and consents to be sued, the terms of such consent define the court's jurisdiction to entertain the suit. Mitchell, 445 U.S. at 538 (citations omitted). In the case at bar, the express Congressional consent to suit can be found at 42 U.S.C. § 405(g), which authorizes judicial review of cases arising under Title II of the Social Security Act. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

It is clear from this statute that judicial review is only permitted in accordance with the terms therein:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h); see also Panetta v. Astrue, No. 07-CV-1265, 2009 WL 511349, at *1 (N.D.N.Y. Feb. 27, 2009) (holding that "[t]he Social Security Act precludes judicial review of any finding of fact or decision of the Secretary except as provided in Section 405(g).") (quoting inter alia Weingerbeger v. Salfi, 422 U.S. 749 (1975)) (internal quotation marks omitted).

Indisputably, King's complaint was untimely filed. "Because the 60-day time limit defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed." Davila v. Barnhart, 225 F. Supp. 2d 337, 338 (S.D.N.Y. 2002) (citing Bowen v. City of New York, 476 U.S. 467, 479 (1986);

4

Randell v. United States, 64 F.3d 101, 106 (2d Cir. 1995)).  However, the sixty-day limitation has been deemed subject to equitable tolling, which, "given the nature of social security . . . is not infrequently appropriate."  Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (citing Bowen v. City of New York, 476 U.S. 467, 480 (1986); State of New York v. Sullivan, 906 F.2d 910, 917 (2d Cir. 1990) (quotation marks omitted).  "[E]quitable tolling requires a showing of both extraordinary circumstances and due diligence."  Id.  Thus, this Court does not have jurisdiction to hear King's appeal unless equitable tolling applies.

It is plaintiff's burden to establish that equitable tolling should apply.  Davila, 225 F. Supp. 2d at 339.  King has failed to meet this burden.  She has not filed any opposition papers to the present motion.  Further, King has not provided any reason why she failed to seek an extension from the Appeals Council or file the present action in a timely fashion.  King sent and received all of her correspondence with the Appeals Council and with this Court from the same address and there has been no indication that she has failed to receive any of the correspondence.  In fact, it is clear that King was successfully receiving mail at that address because after receiving the denial of the Appeals Council, she filed the present action.  Further, King was explicitly instructed on how to file her civil action and what the applicable deadlines were for timely filing.  She just chose not to comply with those directives.

There have been no contentions to suggest that King did not understand what was expected for her case to continue or was unable to successfully complete those steps.  King has failed to demonstrate that she diligently pursued her rights or that any extraordinary circumstances hindered her from timely filing the instant action.  Thus,

equitable tolling does not apply and the sixty day time limit remains firm.

**WHEREFORE**, after due consideration being given, it is hereby

**RECOMMENDED**, the defendant's motion to dismiss (Dkt. No. 12) be **GRANTED**; and it is further

**ORDERED**, that the Clerk serve the parties in accordance with the local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993) (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989)); <u>see</u> <u>also</u> 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(e).

**IT IS SO ORDERED.**

Dated: December 11, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge